**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3250-24

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE
FOR RCF 2 ACQUISITION TRUST,

     Plaintiff-Respondent,

v.

ANNMARIE JOHNSON,

     Defendant-Appellant,

and

JOSEPH F. JOHNSON, STEVEN
MCCLOSKEY, CATHERINE C
MCCLOSKEY, TD BANK, NA,
UNITED STATES OF AMERICA
and STATE OF NEW JERSEY,

     Defendants.

_____

Submitted May 13, 2026 – Decided July 30, 2026

Before Judges Gummer and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Cape May County, Docket No. F-009414-23.

Annmarie Johnson, self-represented appellant.

Day Pitney LLP, attorneys for respondent (Christina A. Livorsi and Joseph W. Ritter, on the brief).

PER CURIAM

In this residential foreclosure case, defendant Annmarie Johnson appeals an order granting plaintiff's motion for final judgment and denying defendant's cross-motion to fix the amount due. Discerning no abuse of discretion, we affirm.

In 2006, defendant executed a note to Arlington Capital Mortgage Corp. to obtain a $650,000 loan. The note required her to make monthly payments. It also provided that if defendant failed to make a monthly payment within fifteen days of its due date, a late charge of 5% of the "overdue payment of principal and interest" would be assessed. The note also gave its holder the right to payment in full in the event of a default and, under those circumstances, the right to be paid back "for all of its costs and expenses in enforcing th[e n]ote."

A-3250-24

To secure the note's repayment, defendant and her husband Joseph F. Johnson,[1] executed a mortgage that was recorded in 2006. The mortgage provided the borrower was responsible for payment of the debt incurred through the note as well as "all taxes, assessments, charges, fines, and impositions attributable to the [p]roperty," "any prepayment charges and late charges due under the [n]ote," and "funds for [e]scrow [i]tems," which included "taxes and assessments and other items which can attain priority over this [mortgage] as a lien or encumbrance on the [p]roperty." The mortgage also provided that if the "[b]orrower fails to perform the covenants and agreements contained in" the mortgage, the "[l]ender may do and pay for whatever is reasonable or appropriate to protect [its] interest in the [p]roperty." Under the mortgage, "[a]ny amounts disbursed by [the l]ender [for that purpose] [would] become additional debt of [the b]orrower" and would "bear interest at the [n]ote rate from the date of disbursement . . . ." The mortgage permitted the "[l]ender or its agent [to] make reasonable entries upon and inspections of the [p]roperty." The mortgage also provided that the "[l]ender may charge [the b]orrower fees

---

[1] Joseph F. Johnson was named as a defendant in the complaint. He did not file a contesting answer and ultimately default was entered against him and the other non-contesting defendants. None of them participated in this appeal.

A-3250-24

for services performed . . . for the purpose of protecting [the l]ender's interest in the [p]roperty . . . including, . . . property inspection . . . fees."

The note and mortgage were subsequently assigned and transferred to various entities. The mortgage and note were assigned and transferred to AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee on March 27, 2023. According to publicly-available records, the trial court substituted U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust as plaintiff in a June 3, 2024 order. The mortgage was modified by agreement in 2018, setting a new outstanding principal balance of $780,774.16. Defendant failed to make a scheduled October 1, 2022 payment timely and failed to make all later monthly payments.

This foreclosure action was commenced in August 2023. Defendant filed an answer alleging as a separate defense that plaintiff had violated the Home Ownership Security Act (HOSA), N.J.S.A 46:10B-22 to -35, by charging late fees in excess of the five percent permitted under HOSA. She did not file a counterclaim seeking damages under HOSA. She nevertheless asked the court to "[a]ward [her] statutory damages on the affirmative defenses." In a July 19, 2024 order and for reasons set forth in a decision placed on the record that day,

4

the court granted plaintiff's summary-judgment motion and denied defendant's cross-motion to dismiss.

Plaintiff moved for entry of final judgment in the amount of $819,831.44. Plaintiff supported that motion with a certification of amount due and schedule (amount-due certification), a certification of diligent inquiry, and a certification of costs as well as other documents. Defendant cross-moved "to fix the amount due." She argued plaintiff's calculations of her mortgage balance were inaccurate and inflated. Defendant asserted plaintiff had violated N.J.S.A. 46:10B-25(d) of HOSA by imposing late fees that exceeded the statutory maximum, charging late fees on payments that were not overdue by fifteen days, and applying multiple fees for the same late payment. She contended plaintiff had disguised the improper fees as escrow interest. Defendant sought a discharge of the mortgage and an award of $171,669.90. Plaintiff opposed the cross-motion, submitting payment-history records the court found to be "detailed" and to have "confirm[ed] compliance with both the terms of the loan and HOSA's requirements."

The court entered a May 21, 2025 order with an accompanying written decision granting plaintiff's motion for final judgment and denying defendant's cross-motion. The court found plaintiff had "established the amount due

5

pursuant to Rule 4:64-2."  It also found defendant had "not object[ed] with any specificity to the calculation of the amount due in [p]laintiff's [f]inal [j]udgment application," contrary to Rule 4:64-1(d)(3), and had not supported her allegations of HOSA violations but instead "acknowledge[d] the correct amount for monthly late charges as authorized by the [n]ote."  On June 2, 2025, the court entered final judgment in the amount requested by plaintiff.

On appeal, defendant contends the court erred by denying her cross-motion to fix the amount due, again asserting "the monthly escrow interest was a disguised late charge" that violated HOSA.  In addition to the May 21, 2025 order granting plaintiff's motion for final judgment and denying defendant's cross-motion to fix the amount due, defendant indicates in her notice of appeal she is appealing the July 19, 2024 order granting plaintiff summary judgment and denying defendant's cross-motion to dismiss and the June 2, 2025 final judgment entered in plaintiff's favor.  However, the only issue she briefs on appeal is the court's denial of her cross-motion to fix the amount due. Accordingly, we deem all other issues waived.  See Morris v. T.D. Bank, 454 N.J. Super. 203, 206 n.2 (App. Div. 2018) (finding "[a]n issue not briefed is deemed waived on appeal").

"[T]he appropriate standard of review of an application to open, vacate or otherwise set aside mortgage foreclosure proceedings is whether the trial court abused its discretion." United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 503 (2008); see also Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018) (finding a decision regarding foreclosure, which is an equitable remedy, "will be reversed only for an abuse of discretion"). An abuse of discretion "arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis. In other words, a functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." Customers Bank, 453 N.J. Super. at 348 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When that deferential standard applies, the trial court's ruling should be reversed 'only if it was so wide off the mark that a manifest denial of injustice resulted.'" Beavan v. Allergan U.S.A., Inc., 264 N.J. 99, 121 (2026) (quoting Rodriguez v. Wal-Mart Stores, Inc., 237 N.J. 36, 57 (2019)) (internal quotation marks omitted).

The purpose of a foreclosure action is "to determine not only the right to foreclose, but also the amount due on the mortgage." Assocs. Home Equity

Servs. Inc. v. Troup, 343 N.J. Super. 254, 272 (App. Div. 2001). "[T]he final judgment [in a foreclosure action] . . . fixes the amount due under the mortgage and directs the sale of the real estate to raise funds to satisfy the amount due." Wells Fargo Bank, NA v. Garner, 416 N.J. Super. 520, 523 (App. Div. 2010) (omission in original) (quoting Eisen v. Kostakos, 116 N.J. Super. 358, 365 (App. Div. 1971)). The defendant in a foreclosure action may dispute the amount due pursuant to Rule 4:64-1(d)(3). Id. at 524. Rule 4:64-1(d)(3) provides that a "party having the right of redemption who disputes the correctness of the affidavit of amount due [submitted in support of a motion for entry of final judgment] may file . . . an objection stating with specificity the basis of the dispute and asking the court to fix the amount due."

HOSA "prohibits certain practices for all home loans, [including] . . . charging excessive late fees." In re O'Brien, 423 B.R. 477, 498 (Bankr. D.N.J. 2010) (citing N.J.S.A. 46:10B-25). Under HOSA, a creditor may impose a fee for a late payment but the fee "may not exceed 5% of the past due payment and may be imposed only if a payment is fifteen days or more past due." Ibid. (citing N.J.S.A. 46:10B–25(d)).

We perceive no abuse of discretion in the court's conclusion that plaintiff "established the amount due pursuant to R[ule] 4:64-2" and that defendant failed

to support her HOSA violation allegations. The amount-due certification sets forth by date and amount each late fee imposed, demonstrating defendant on numerous occasions was late in making the monthly payments. Consequently, in accordance with the note and the applicable provision of HOSA, it imposed in connection with each of those late payments a fee that did not exceed "5% of the payment past due." N.J.S.A. 46:10B-25(d)(1). Defendant does not dispute she was late in making those monthly payments or the amount of the late fees imposed. On that record, we discern no improper late charges or HOSA violation.

Instead of challenging those late payments or the charges imposed on them, defendant incorrectly characterizes interest charges on escrow advances as late-payment fees. Defendant does not dispute plaintiff made several advances to pay real estate taxes on the property and for inspections of the property, as shown in the amount-due certification. She appears to contend plaintiff was not entitled to charge interest on those advances because her escrow account had a balance from which those payments could have been made. That conclusory statement, however, is not supported by any evidence submitted by defendant or by the amount-due certification or the payment-history information, which demonstrate defendant's escrow account frequently

9

had a negative balance, requiring plaintiff to make certain payments. The mortgage authorized plaintiff to make those payments, which would "become additional debt of [the b]orrower" and would "bear interest at the [n]ote rate from the date of disbursement."

On that record, the court did not abuse its discretion in granting plaintiff's motion for entry of final judgment and denying defendant's cross-motion to fix the amount due. Accordingly, we affirm the May 21, 2025 order and the June 2, 2025 final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hawley

Clerk of the Appellate Division

10